### 11465.   TOWNSEND *v.* WILSON.

STEPHENS, J. Where, on the hearing in the court of ordinary of an application for the appointment of a guardian, the applicant consented to the appointment of another, who was then appointed by the court of ordinary, but who afterwards refused to qualify, and the ordinary by order at a subsequent term appointed a third party, the applicant could enter an appeal from the latter order to the superior court; and it was error to dismiss the appeal upon the ground that the applicant had consented to the first order appointing as guardian the person who failed to qualify.

*Judgment reversed. Jenkins, P. J., concurs. Smith, J., dissents.*

DECIDED NOVEMBER 11, 1920.

Appeal; from Johnson superior court—Judge Kent. March 16, 1920.

*Alfred Herrington Jr.,* for plaintiff in error.

*A. L. Hatcher,* contra.

SMITH, J., dissenting. Otis Townsend applied to the ordinary of Johnson county, asking that he be appointed guardian of the person and property of the two minor children of J. A. Townsend, deceased. Citation issued regularly, and at the June term, 1919, of the court of ordinary, an order was passed, reciting that by consent of all parties, and no valid objection having been filed, Wilkins Townsend, the grandfather of said minors, was appointed guardian of the person and property of said minors, upon his taking the oath of office and giving the bond required by law. Wilkins Townsend failed to qualify within the time required by law, and on July 7, 1919, at the regular July term of the court, an order was passed, reciting the former order appointing Wilkins Townsend as guardian, and that it appeared that said Wilkins Townsend had failed to qualify as such guardian within the time required by law, and further reciting that Wilkins Townsend appeared at this term and in open court renounced his said appointment and refused to qualify, whereupon Bartow Wilson, the other grandfather of the minor children, was appointed as guardian. From this last order Otis Townsend entered his appeal to the superior court, and upon the case being called for trial his appeal was dismissed.

When Otis Townsend, at the term to which his application for guardianship was returnable, appeared in open court and consented to the appointment of another person as such guardian, and such other person was then and there appointed, and when at a later term the person so appointed appeared and renounced his appointment and refused to qualify, and the ordinary thereupon in open court appointed another person as such guardian, Otis Townsend waived his right to the appointment, and, there being no caveat or objection filed by him or anyone else, the judge of the superior court did not err in dismissing the appeal.